IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JARED D. KROFF, Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS AND MOTION FOR SANCTIONS |
| vs. | |
| WASHINGTON FEDERAL SAVINGS, Defendant. | Case No. 2:10-CV-771 TS |

I. MOTIONS TO DISMISS

Plaintiff Jared D. Kroff moves the Court to dismiss this action against Defendant without prejudice.[1] Under Rule 41 of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2] Defendant agree that dismissal is appropriate, but argue that the Court should

---

[1] Docket No. 11.

[2] Fed.R.Civ.P. 41(a)(2). The Court notes that a Plaintiff may voluntarily dismiss an action without a Court Order by (1) filing a notice of dismissal before the opposing party serves an answer or motion for summary judgment or (2) filing a stipulated dismissal. *Id.* at 41(a)(1)(A). Plaintiff has failed to comply with either of these requirements.

1

dismiss the case with prejudice because the case law cited in support of its own Motion to Dismiss[3] favors dismissal on the merits. The Court agrees with Defendant that the case law cited in Defendant's briefs demonstrates that Plaintiff's claims fail to state a claim upon which relief can be granted. Indeed, the Court notes that the legal theories upon which Plaintiff bases his claims have been repeatedly rejected in this District.[4] Accordingly, the Court finds that dismissal with prejudice for the failure to state a claim is appropriate.

## II. MOTION FOR SANCTIONS

Defendant moves the Court for sanctions against Plaintiff's counsel under Fed.R.Civ.P. 11.[5] Defendant argues that Plaintiff's counsel violated Rule 11(b) by filing this action without making a reasonable inquiry into the facts allegedly giving rise to this action and for knowingly pursuing unsubstantiated claims against Defendant. Defendant argues that a reasonable investigation into the facts surrounding Plaintiff's loan from Defendant would have revealed that: (1) Defendant retains sole ownership and possession of the Note and Trust Deed, (2) the Note and Trust Deed have never been securitized, (3) Plaintiff is not in default under the terms of the loan, and (4) Defendant has not commenced foreclosure proceedings against Plaintiff. Defendant argues that these facts make awarding relief on any of Plaintiff's claims factually impossible. Defendant further

---

[3] *See* Docket Nos. 4 & 5.

[4] *E.g. Foster v. BAC Home Loan Servicing, LP,* 2010 WL 3791976, 3 (D. Utah Sept. 22, 2010) (collecting cases).

[5] Docket No. 7.

argues that Plaintiff's claims lack any legal support and have been soundly rejected by this Court and other jurisdictions.

Plaintiff's counsel responds that at the time the Complaint was filed, there were no direct rulings by this Court against the type of relief sought by Plaintiff. Therefore, Plaintiff argues, sanctions are inappropriate because there was no violation of Rule 11 that warrants sanctions.

Plaintiff's counsel's response, however, only addresses part of his duties under Rule 11. Rule 11(b) of the Federal Rules of Civil Procedure "imposes an obligation on the signer of a pleading to conduct a reasonable inquiry into whether the pleading is legally frivolous or factually unsupported."[6] Although Plaintiff's counsel's response addresses his duty to ensure that his claims are not legally frivolous, it fails to account for his duty to reasonably investigate the factual underpinnings of his claims.

The Court finds that Plaintiff's counsel should have investigated whether Defendant had actually commenced foreclosure proceedings against Plaintiff before filing this action. Furthermore, the Court finds that Plaintiff's counsel should have investigated whether Defendant still possessed the Note and Deed of Trust and whether the Note and Deed of Trust had actually been securitized. While the Court is conscientious of the fact that this information would generally be in control of the Defendant, in this particular action, Plaintiff's counsel was actually informed by Defendant's counsel shortly after filing the Complaint that Defendant still owned the Note and Deed of Trust, that the Note and Deed

---

[6]*Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1484-84 (10th Cir. 1989).

of Trust were never securitized, and that Plaintiff was not in default under the terms of the loan.[7] Having been so warned, Plaintiff's counsel should have investigated whether Plaintiff's claims for relief still maintained any factual support.

Plaintiff's counsel's last argument against sanctions is that, by Plaintiff voluntarily dismissing the case, Defendant has now received the relief it initially sought and is therefore not harmed. The Court finds this argument unconvincing. In Defendant's initial letter to Plaintiff's counsel, Defendant requested that Plaintiff dismiss this action by a date certain and, if not, Defendant will pursue appropriate motions and sanctions. Only after Defendant filed its Motion to Dismiss and Motion for Sanctions did Plaintiff finally move to dismiss this action. Therefore, the Court finds that Defendant was harmed by expending resources to defend this action when a reasonable investigation by Plaintiff's counsel would have determined that this case should have been dismissed at the outset.

Based on the foregoing, the Court finds that Plaintiff's counsel failed to fulfill his duties under Rule 11(b) and that sanctions are appropriate. Under Fed.R.Civ.P. 11(c)(4), the Court finds that an "order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation" is appropriate. Because this case should have been voluntarily dismissed following Defendant's letter to Plaintiff's counsel, the Court will impose a sanction on Plaintiff's counsel of Defendant's attorneys' fees from the time Plaintiff's counsel received Defendant's letter onward.

---

[7]*See* Docket No. 14.

Defendant's counsel has filed an affidavit of attorneys' fees with the Court.[8] Defendant incurred attorneys' fees in the amount of $3,682.00.[9] According to the affidavit, $960.50 of these fees were incurred in analyzing the Complaint and preparing and dispatching the letter to Plaintiff's counsel. Therefore, the Court will impose a sanction on Plaintiff's counsel in the amount of $2,721.50. The Court finds this sanction appropriate to deter Plaintiff's counsel from repeating this conduct in the future and to deter others from filing such Complaints without performing the required investigation into the factual support of the claims alleged therein.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 4) and Plaintiff's Motion to Dismiss (Docket No. 11) are GRANTED and the Complaint is DISMISSED WITH PREJUDICE for the failure to state a claim upon which relief can be granted. It is further

ORDERED that Defendant's Motion for Rule 11 Sanctions Against Plaintiff's Counsel (Docket No. 7) is GRANTED. Plaintiff's counsel is directed to pay Defendants $2,721.50.

The Clerk of Court is directed to close this case forthwith.

---

[8] Docket No. 9.

[9] *Id.* ¶ 3.

DATED   January 4, 2011.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge